## Illinois Central Railroad Co. v. Paul Heisner.

<div style="float:right">93   469<br>a192s 571</div>

1. RAILROADS—*Increase of Waters in Ditches by Permitting the Connection of Additional Drains.*—Where, after the recovery of a judgment against a railroad company, by an owner of land, for permitting water to accumulate in a ditch and overflow his lands, such company permits another owner of other lands to connect tile drains with such ditch and turn the water accumulating upon such other lands into the ditch, and such water causes the ditch to again overflow the lands, the owner will have a further cause of action against the railroad company for such injury as he may sustain.

2. APPELLATE COURT PRACTICE—*Errors in Instructions Must Be Pointed Out.*—Where counsel fail to point out in their briefs wherein instructions are erroneous, but content themselves by saying that they are all bad, and leave it to the court to discover the errors, if any, this court is not required to search the record to find possible errors.

Trespass on the Case, for injury to crops by the overflow of ditches. Appeal from the Circuit Court of Livingston County; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901.

C. C. & L. F. STRAWN and ANTOINETTE FUNK, attorneys for appellant.

N. J. PILLSBURY and R. S. McILDUFF, attorneys for appellee.

MR. JUSTICE CRABTREE delivered the opinion of the court. This was an action on the case by appellee against appellant to recover damages for alleged injuries to crops, caused by the overflow of water from a ditch constructed by appellant on its right of way, and on the south side of its roadbed running through sections 19, 20 and 21, in township 28, range 5, E. of the 3d P. M., in Livingston county. The declaration contained counts in the usual form in such cases, to which the defendant pleaded the general issue and the statute of limitations. No point is made by either side as to the sufficiency of the declaration and pleas. There was a trial by jury, resulting in a verdict and judgment in

favor of appellee for $400, and the defendant prosecutes this appeal.

The facts appear to be that in 1879 and 1880, the defendant railroad company built its road where it is now located, and in doing so constructed an embankment whereby it cut off the flow of the water from the lands on the south side of the road-bed to the north side, the natural flow of the waters gathered on the lands south of the railroad being in a northeasterly direction to the Vermillion river, in which direction they had always theretofore flowed. The building of the road-bed embankment cut off this natural flow of the water. Culverts to the number of six were originally constructed under this embankment to carry off the water, but being found insufficient to accomplish that purpose, appellant afterward filled them up and constructed a ditch on the south side of said road-bed running lengthwise thereof, in which no openings were left for the water to pass from the south side to the north side of the embankment. It is claimed by appellee that thereafter all the water accumulating on the lands on the south side of the railroad, in order to find an outlet had to flow into the last named ditch; and in addition thereto, appellee, as well as other owners of land adjoining thereto on the south side thereof, tiled their lands into the railroad ditch, whereby larger quantities of water were accumulated there than the ditch was capable of carrying, and whereby appellee's lands were overflowed and his crops damaged and injured. Appellee brought suit for such damages in November, 1888, and recovered a judgment to the amount of $350, which judgment was afterward affirmed by this court. See I. C. R. R. Co. v. Heisner, 45 Ill. App. 143.

It is insisted by appellee that this first suit settled the rights of the parties and determined the wrongfulness of the ditch and that foreign waters were wrongfully brought to and overflowed his land. Appellant, on the contrary, contends that this suit settled nothing beyond the question of damage in that case. There is proof tending to show that appellee to some extent assisted in deepening the last mentioned ditch and expressed satisfaction with it, and

I. C. R. R. v. Heisner.

counsel for appellant thereupon insists that it was a mutual ditch, and that under the law of 1889 appellee must have proceeded within one year to revoke his license therefor, or consent thereto, and failing to do so, that a perpetual easement was created for the consequences of which he can not complain, and that he is now estopped from maintaining this suit.

We do not agree with this contention. This suit was commenced August 27, 1898, for damages to a part of the same lands as those involved in the former suit, as well as other lands. We think he had a right to maintain this action as for a continuing nuisance, and that the decision in the former case, settled the right to recover; besides, since the former judgment, appellant has permitted, and in writing consented, that one Kelley, a near-by owner of other lands, should connect a ten-inch tile from his own lands with the new ditch, and thereby turn the water accumulating on 400 acres of his land into appellant's said ditch, which has been done, and the additional water overflowed upon appellee's land. We are of the opinion that this conduct of appellant has given appellee a further cause of action, provided the proof shows he has thereby been injured. This we think the proof does show.

Complaint is made of the rulings of the court on evidence, but we think such complaint is without sufficient foundation. It is also insisted the court erred in the instructions, but counsel do not point out in their brief wherein the instructions were erroneous, but substantially content themselves with saying that they are all bad and leave it to this court to find out the errors, if any. In such case we are not required to search the record to find possible errors. We have, however, examined the instructions carefully and find them substantially free from error. The court instructed for appellant more liberally than it was entitled to, and we think, so far as this point is concerned, it has no cause of complaint. The jury viewed the premises and assessed the damages upon consideration of the evidence and on their own view. We think the damages were not excessive. The judgment will be affirmed.